UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FORD MOTOR CO., *et al*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3082 |
| | § | |
| DEMONTROND LINCOLN MERCURY CO., *et al*. | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM AND ORDER GRANTING PRELIMINARY INJUNCTION

Pending before the court is plaintiffs' motion for a preliminary injunction. Dkt. 3. After considering the evidence, the parties' arguments, and the relevant law, the court is of the opinion that the motion should be GRANTED IN PART and DENIED IN PART.

### BACKGROUND

This suit arises from a dispute between Ford Motor Company and Ford Leasing Development Company (collectively "Ford") on the one hand and on the other defendants Texas City Lincoln Mercury Inc., Jerry E. Hicks, DeMontrond Lincoln Mercury Company,[1] and George DeMontrond III, over the proposed sale of the Texas City dealership to DeMontrond. The parties agree that the proposed sale is subject to the jurisdiction of the Texas Motor Vehicle Commission. *See* Tex. Occ. Code § 2301.350.

Ford filed a motion for preliminary injunction against defendants, enjoining them from: (1) interfering with Ford's first superior right to acquire the Texas City Lincoln Mercury dealership;

---

[1] "DeMontrond Lincoln Mercury Company" is in the process of changing its name to "DeMontrond Acquisitions Corporation" *See* Dkt. 9 at 18. For simplicity, the original name of the company is used throughout this order.

1

(2) allowing DeMontrond Lincoln Mercury to have managerial control over Texas City Lincoln Mercury; (3) relocating the Texas City dealership to another location; (4) from using the "Lincoln" and "Mercury" trademarks in connection with the operation of the Texas City dealership; and (5) from conducting business under the name "Texas City Lincoln Mercury" and to otherwise use the trademark names "Lincoln" and "Mercury." Dkt. 3 at 2–3. During the hearing on this motion, however, Ford clarified that it is really seeking to enjoin defendants from improperly using the Lincoln and Mercury trademarks. Defendants responded that they believe some or all of these issues are within the exclusive jurisdiction of the Texas Motor Vehicle Commission. Dkt. 9 at 3.

It should be noted that the Defendants have filed a motion to dismiss for lack of subject matter jurisdiction for some of the claims in this case. Dkt. 8. As a result, the court has limited itself to only those claims related to the Lanham Act, for which the court has clear subject matter jurisdiction.

## DISCUSSION

A preliminary injunction is an extraordinary remedy and should only be granted if a court finds that the movant has met its burden of persuasion with regard to four factors. *Allied Mktg. Group. Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989). Those four factors are: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest." *Paulsson Geophysical Servs., Inc. v. Sigmar,* 529 F.3d 303, 309 (5th Cir. 2008). A person is liable under the Lanham Act if he "uses in commerce any word, term, name,

symbol, or device . . . which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(1)(A).

To succeed in a trademark infringement claim, a party must show that it has a protectable right in the mark and that there is a likelihood of confusion between the marks. *Paulsson*, 529 F.3d at 309. To obtain an injunction for trademark infringement, a party must prove that the name it seeks to protect is eligible for protection, a likelihood of confusion between the mark and that of the defendant, and that the likelihood of confusion will actually cause the party "irreparable injury for which there is no adequate legal remedy." *Id.* (quoting *Union Nat'l Bank of Tex., Laredo, Tex. v. Union Nat'l Bank of Tex., Austin, Tex.*, 909 F.2d 839, 844 (5th Cir. 1990).

In the present case, the parties do not dispute that the marks in question, the Lincoln and Mercury marks, are eligible for protection, nor that Ford is the senior user of those marks. The dispute, however, centers on whether DeMontrond Lincoln Mercury and George DeMontrond, by entering into the September 15, 2009, Management Service Agreement ("MSA") with Texas City Lincoln Mercury and operating pursuant to its terms, has infringed these marks. Ford contends that the MSA is worded so broadly that it gives DeMontrond Lincoln Mercury de facto ownership of the Texas City dealership, thus allowing a non-authorized party to operate a Lincoln Mercury dealership and creating a likelihood of confusion with the public. Defendants argue that DeMontrond Lincoln Mercury is not infringing the Lincoln and Mercury marks—Mr. Hicks still owns the Texas City dealership and is allowed to use the marks under his franchise agreement. Moreover, DeMontrond

has stepped in to provide cash to the ailing dealership and in exchange should be allowed to exert some degree of control over the dealership to protect its investment.

Ford directed the court to one case quite similar to the facts in this case. In *American Isuzu Motors v. Fladeboe Volkwagon, Inc.*, 250 Fed. Appx. 204 (9th Cir. 2007), a car dealer transferred the operations of his dealership to a second company who was negotiating to buy the dealership. The sale, however, never went through because Isuzu did not consent. *Id.* at 205–206. The prospective purchaser used the Isuzu marks without authorization during the negotiation period and Isuzu later sued for trademark infringement. *Id.* The purchasing company tried to raise the defense that Isuzu had unreasonably withheld consent from the sale and its dispute with Isuzu excused the trademark infringement. *Id.* at 206. The Ninth Circuit held this was not a valid defense to trademark infringement; the purchaser should have sued Isuzu if he felt that they had unreasonably withheld consent.

Likewise, in the present case, Texas City has handed over complete control of the dealership to DeMontrond Lincoln Mercury under the current MSA. DeMontrond Lincoln Mercury has "full authority for management, operation, and maintenance of the dealership" and full "operational, financial, management, decision making authority, and control of the dealership for all purposes." Dkt. 1, Ex. L. Furthermore, DeMontrond receives "100% of the net profits collected from the operation of the dealership." *Id.* This is a de facto sale to DeMontrond. To allow DeMontrond to fully control the Texas City dealership under the current MSA is to allow a non-authorized party to use the Lincoln and Mercury trademarks. Ford has not approved DeMontrond as a franchisee, and to allow it to operate the Texas City dealership will deceive the public into thinking they are doing business with Ford, when they are not. This is not to say that there could not be some other

4

arrangement between Texas City and DeMontrond that would allow DeMontrond to protect its investment with some degree of control, while at the same time leaving Mr. Hicks in charge. This MSA, however, goes too far.

## Conclusion

The court believes that the plaintiffs have shown a substantial likelihood that they will prevail on the merits and that should the court deny their motion their injury will be irreparable.

Accordingly, it is ORDERED that DeMontrond Lincoln Mercury Company and George A. DeMontrond III are preliminarily enjoined from exercising managerial control over Texas City Lincoln Mercury as defined in the September 15, 2009, Management Services Agreement to the extent that such managerial control results in DeMontrond Lincoln Mercury Company and/or George DeMontrond III using Ford's Lincoln and Mercury trademarks without Ford's authorization.

This preliminary injunction will take effect when the plaintiffs post a bond approved by the Clerk of this Court in the amount of $1,000.00.

This preliminary injunction will remain in effect until the final judgment in this action or until further order of this court.

Signed at Houston, Texas on September 28, 2009.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY